UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

IN RE                                              )
                                                   )    Case No. 09-20448-TLM
JAMES G. HAYTER and                                )
LINDA J. GLOE,                                     )
                                                   )    Chapter 13
            Debtors.                               )
_____ )

**MEMORANDUM OF DECISION**
_____

James Hayter ("Hayter") and Linda Gloe (collectively "Debtors") seek confirmation of their amended chapter 13 plan. Doc. No. 46 (the "Plan"). The chapter 13 trustee, C. Barry Zimmerman ("Trustee"), recommends confirmation. *See* Doc. No. 55. Having fully considered the record and applicable authorities, the Court concludes Debtors have failed to show that their Plan complies with § 1325(a)(1)[1] and confirmation will be denied. This Memorandum of Decision constitutes the Court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052, 9014.

**FACTS AND BACKGROUND**

Debtors filed a voluntary petition for chapter 13 relief on April 30, 2009.

---

[1] Unless otherwise indicated, all statutory references are to the Bankruptcy Code, 11 U.S. Code §§ 101-1532.

MEMORANDUM OF DECISION - 1

Doc. No. 1. On their schedule I, Debtors listed Hayter's occupation as a "Stock Broker." *See* Doc. No. 18.[2] Debtors then filed a chapter 13 plan, which came on for a confirmation hearing on August 4, 2009. *See* Doc. No. 31. At that hearing, the Court denied confirmation and instructed Debtor's counsel to confer with Hayter to determine whether, under § 109(e), his occupation as a stockbroker precluded him from being a debtor under chapter 13. *See id.*[3]

On September 17, 2009, Hayter filed an affidavit claiming that although he was employed as a "stockbroker" within the common meaning of that term, he was not a "stockbroker" as defined by the Bankruptcy Code. *See* Doc. No. 36. In support of this assertion, Hayter represented that none of his customers have any claims against him; he never holds stock for clients, either for safe-keeping or for sale; he never loans money to clients, whether secured by their stock or unsecured;

---

[2] The Court takes judicial notice of its files and records under Fed. R. Evid. 201, and Debtors' representations made under penalty of perjury in their schedules and statements may be treated as admissions under Fed. R. Evid. 801(d). *See*, *e.g.*, *Murrietta v. Fehrs (In re Fehrs)*, 391 B.R. 53, 62 n.16, 08.3 I.B.C.R. 116, 118 n.16 (Bankr. D. Idaho 2008).

[3] Section 109(e) provides:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $336,900 and noncontingent, liquidated, secured debts of less than $1,010,650, or an individual with regular income and such individual's spouse, *except a stockbroker or a commodity broker*, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $336,900 and noncontingent, liquidated, secured debts of less than $1,010,650 may be a debtor under chapter 13 of this title.

(Emphasis added).

MEMORANDUM OF DECISION - 2

he never holds or has any contact with his clients' money; he never holds any other kind of property for his customers, such as accounts, contracts or mortgages; and when he generates a commission by placing an order for a client, it is not paid to him by the client, but rather is remitted to him by GBS Financial Corporation ("GBS"), the company with which he is associated. *See id.*

Debtors filed their amended Plan on January 13, 2010. A confirmation hearing was held on February 2, 2010, after which the Court granted Debtors' counsel 10 days to provide additional submissions regarding Hayter's eligibility to be a chapter 13 debtor under § 109(e). Debtors filed a brief addressing the issue on February 11, 2010. Doc. No. 54. Following the filing of Debtors' brief, Trustee recommended confirmation of Debtors' Plan. *See* Doc. No. 55.[4]

## DISCUSSION AND DISPOSITION

### A. Debtors' burden

The U.S. Supreme Court, in *United Student Aid Funds, Inc. v. Espinosa*, __ S.Ct. __, 2010 WL 1027825 (March 23, 2010), recently reaffirmed this Court's obligation under § 1325(a)(1) to ensure that a chapter 13 plan "complies with the provisions of [chapter 13] and with other applicable provisions of [title 11]" before confirming that plan, even in the absence of any objection from creditors or

---

[4] At the February 2 confirmation hearing, Trustee was instructed to advise the Court, after Debtors had filed their additional submissions, of whether he felt the Plan was confirmable or whether further hearings would be necessary. *See* Doc. No. 53.

MEMORANDUM OF DECISION - 3

the trustee. *Id.* at \*9 & nn.14-15 (concluding § 1325(a)(1) "makes plain that bankruptcy courts have the authority – indeed, the obligation – to direct a debtor to conform his plan to the requirements" of applicable provisions of title 11, even if no creditor has objected to confirmation).

One such applicable provision is § 109(e), which contains the several eligibility requirements for chapter 13 debtors. It expressly excludes individuals who are stockbrokers from being debtors under chapter 13. *See* § 109(e); *In re Berry*, 22 B.R. 950, 951 (Bankr. N.D. Ohio 1982). As the debtor has the burden of proof on all essential elements for confirmation, including the requirements of § 1325(a)(1), the burden is on the debtor to establish eligibility under § 109(e). *See Ho v. Dowell (In re Ho)*, 274 B.R. 867, 883 (9th Cir. BAP 2002); *see also In re Stella*, 06.3 I.B.C.R. 67, 68, 2006 WL 2433443, at \*2 (Bankr. D. Idaho June 28, 2006).[5] Having initially asserted that Hayter is a stockbroker, Debtors now carry the burden of proving to the Court, by a preponderance of the evidence, that Hayter is not a "stockbroker" under the Bankruptcy Code, and is therefore not precluded from being a chapter 13 debtor. *See Stella*, 06.3 I.B.C.R. at 68, 2006 WL 2433443, at \*2.

---

[5] This in contrast to a motion to dismiss early on in a chapter 13 proceeding where the burden is on the creditor to persuade the court that the debtor is ineligible under § 109(e). *See Ho*, 274 B.R. at 882-83.

MEMORANDUM OF DECISION - 4

### B. "Stockbroker" under the Bankruptcy Code

The Code defines "stockbroker" as a person

> (A) with respect to which there is a customer, as defined in section 741 of [title 11]; and
> (B) that is engaged in the business of effecting transactions in securities–
> > (i) for the account of others; or
> > (ii) with members of the general public, from or for such person's own account.

Section 101(53A). Thus, to be eligible for chapter 13 relief, Hayter must show either (1) that he does not have "customers," as defined by § 741, or (2) that he is not "engaged in the business of effecting transactions in securities." The Court finds that Hayter has failed to make the necessary showing.

#### 1. "Customer"

Debtors argue, primarily, that Hayter is not a "stockbroker" because he does not have "customers" as defined by § 741. Section 741(2) defines "customer" as including an "entity that has a claim against a person arising out of . . . a deposit of cash, a security, or other property with such person for the purpose of purchasing or selling a security." Section 741(2)(B)(ii). The Ninth Circuit, in *Johnson v. Neilson (In re Slatkin)*, 525 F.3d 805 (9th Cir. 2008), explained that

> the definition of "customer" turns not on the status or intent of the debtor, but instead on the purpose of the investor. An investor qualifies as a customer under § 741(2)(B)(ii) when the investor deposits money or securities with the debtor with the expectation that the debtor purchase stock or trade securities. It is the act of entrusting the cash to

MEMORANDUM OF DECISION - 5

>   the debtor for the purpose of effecting securities transactions that triggers the customer status provisions.

*Id.* at 817.  Whether the debtor plans to purchase securities with the funds is irrelevant.  *Id.*

Hayter did not indicate how his clients money is deposited or address his clients' expectations and purposes.  Though he states in his affidavit, Doc. No. 36, that he never holds or has any contact with his clients' money, Hayter does not identify who does hold his clients' money or whether he has access to that money.  Hayter's affidavit states that his clients request him to execute stock trades, after which he enlists the aid of GBS, who in turn arranges execution of the requested trades through JP Morgan Chase.  This explanation leaves the Court to speculate as to how Hayter's clients' money or other property reaches JP Morgan Chase for use in the actual securities transactions, as the record is bereft of evidence concerning the deposit or transfer of the clients' money.  Moreover, it intimates Hayter's clients place orders with him with the expectation that *he* will purchase or trade securities on their behalf, notwithstanding his process of using GBS and JP Morgan to actually effect those transactions.

Given the Court's statutorily-required focus on the purposes of Hayter's clients, and the shortcomings in Hayter's representations, the Court concludes there is insufficient evidence to find that Hayter's clients do not entrust money to

MEMORANDUM OF DECISION - 6

him with the expectation that he will purchase stock or trade securities.

Hayter has also failed to show he is merely an employee of GBS, and that as such he lacks "customers" of his own. *See Berry*, 22 B.R. at 952 ("Although a person may effect transactions in securities, if that person is an employee, he cannot be a stockbroker as he can have no customers.") (citing 2 Collier on Bankruptcy ¶ 101.39 (15th ed. 1982)). Hayter provided no substantive evidence regarding his relationship with GBS. While in his affidavit Hayter refers to GBS as his "employer," he also indicates GBS is the company with which he is "associated." In addition, Hayter consistently uses the phrase "my clients," suggesting his clients belong to him, and not to GBS. Absent a clear, affirmative statement in Hayter's affidavit or other evidence concerning Hayter's arrangement with GBS, the Court would be remiss to find that Hayter is a mere employee of GBS.

### 2. "Engaged in the business of effecting transactions in securities"

To avoid "stockbroker" status under the Code, Hayter may also show that even if he has "customers," he is not "engaged in the business of effecting transactions in securities." *See* § 101(53A).[6] By asserting he does not actually purchase or trade securities, Hayter's affidavit seems to suggest he is not truly

---

[6] Section 101(53A) is written in the conjunctive, meaning that both subpart (A) and (B) must be satisfied.

MEMORANDUM OF DECISION - 7

engaged in the business of effecting securities transactions.

However, Hayter has not explained what, if not a stockbroker, he really is or what he does for his clients. He also has not presented any evidence as to whether or not he is or is not licensed as a stockbroker with the National Association of Securities Dealers ("NASD") or any other similar entity.[7] Nor has he made any unequivocal assertions that he lacked the ability to effect or make a trade in securities, or that he never held himself out as having such an ability. *See Slatkin*, 525 F.3d at 817-18 (considering the fact that debtor was not a licensed stockbroker, and noting the absence of any evidence that he had held himself out as having the ability to effect securities transactions in determining debtor was not a stockbroker). Accordingly, the Court is left with Hayter's initial schedule I assertion that he is a stockbroker, and his subsequent attempts, following the Court's inquiry, to distance himself from that statement. The Court finds that this evidence – designed to fall within § 101(53A) without providing a cogent explanation of what Hayter does for a living – does not preponderate in favor of finding that Hayter is not engaged in the business of securities transactions.

**CONCLUSION**

Based on the foregoing, the Court concludes Debtors have failed to meet their burden of proving Hayter is eligible for chapter 13 relief under § 109(e).

---

[7] Such a disclosure would appear both germane and easily made.

MEMORANDUM OF DECISION - 8

Therefore, confirmation of Debtors' Plan will be denied without prejudice.

An order will be entered by the Court.

DATED: March 26, 2010



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 9